IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY S. ESPINOSA,  :
   Plaintiff  :
     :
v.  :  CIVIL NO. AMD 00-463
     :
BALTIMORE COUNTY,  :
MARYLAND,  :
   Defendant  :

...o0o...

MEMORANDUM

Plaintiff, Anthony S. Espinosa, is an African-American employee of defendant Baltimore County. He filed this action pro se alleging, among other claims, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. Previously, the Court granted in part a motion to dismiss filed by the County. Discovery has now concluded. Pending before the Court is defendant's motion for summary judgment. Mr. Espinosa has filed an opposition to the County's motion. No hearing is needed.

All of Mr. Espinosa's contentions and evidentiary materials having been read and considered. It is clear that he lacks even a scintilla of evidence to establish that the defendant has discriminated against him on the basis of race.

In sum, Mr. Espinosa has been employed by the County fire department for more than 10 years as an emergency medical technician. He contends a series of disciplinary problems he has experienced arose only after he was assigned to a particular unit, where he was subjected to disparate treatment compared to the treatment accorded non-African-American



employees. Nothing in the myriad exhibits he has attached to his opposition to the County's motion for summary judgment remotely supports this contention.

To the contrary, the record shows that Mr. Espinosa made real trouble for himself when he was charged criminally with assault with a handgun and related charges. The victims were volunteer firefighters who belonged to a volunteer company of which Mr. Espinosa was also a member. He was suspended without pay while the criminal case was pending.

Ultimately, the charges were reduced to misdemeanors and Mr. Espinosa pled guilty in the spring of 1999. He received a two-year probation-before-judgment sentence, the conditional effect of which is that under state law, he technically does not have a conviction and will not have a conviction if he successfully completes his probationary period. He retained his employment with the fire department but he delayed his return to work and thereby waited too long before seeking back pay, any claim for which is now time-barred under the relevant labor agreement.

In the meantime, Mr. Espinosa became the subject of several performance reviews based upon violations of medical protocols. For example, he injected a child with an adult dose of pharmaceuticals. Also, he administered morphine without physician supervision.

Matters came to a head in February 2000 when the County convened an Administrative Hearing Board in respect Mr. Espinosa's work performance. Mr. Espinosa was represented by counsel. One possible outcome of the Hearing Board proceedings was

the termination of Mr. Espinosa's employment. In lieu of a full adversary proceeding, however, the parties reached a comprehensive settlement which is embodied in a formal agreement signed by Mr. Espinosa and his counsel. *See* Def's Exh. 18. Under the terms of the Agreement, among other things, Mr. Espinosa agrees that (a) the purpose of the Agreement is "to provide [him with] a comprehensive learning environment and conditions [under which he] can mature and develop the skills needed to provide" a higher level of care; (b) he is "on probation for 24 months, with a complete review of his progress at 12 months;" and (c) he shall forfeit seven days leave.

One week after he and his counsel signed the Agreement, Mr. Espinosa, who had previously received a right-to-sue letter from the EEOC, filed this pro se action. As mentioned above, apart from his own bald assertions, he lacks any evidence which suggests that he has been subjected to disparate treatment on the basis of race. To the extent that he asserts a claim for back pay covering the period he was suspended pending the resolution of the criminal charges, he has failed to rebut the County's explanation that his claim is time-barred. Manifestly, this is a legitimate non-discriminatory explanation for his failure to obtain back pay, even assuming that he has established a prima facie case of discrimination, which he has not.

As a matter of law, defendant is entitled to judgment. An order follows.

Filed: January 19, 2001

_____
ANDRÉ M. DAVIS
United States District Judge